UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUSTEES OF MICHIGAN
CONFERENCE OF TEAMSTERS
WELFARE FUND,

       Plaintiff,

v.

JAMES ALFORD and DAWN ALFORD,

       Defendants.

_____/

Case No. 20-cv-10459
Honorable Nancy G. Edmunds

**ORDER SETTING ASIDE DEFAULT, REQUIRING THE PARTIES TO ATTEND FACILIATION AND REQUIRING PROPER FILING OF DOCUMENTS**

Plaintiff Trustees of Michigan Conference of Teamsters Welfare Fund filed its complaint alleging breach of contract and unjust enrichment under the Employee Retirement Income Security Act of 1974 ("ERISA") on February 27, 2020. After Defendants James and Dawn Alford did not answer the complaint, Plaintiff requested and received the clerk's entry of default on August 4, 2020. Defendant James Alford then mailed a letter to the Court in which he provided good cause for the default to be set aside. The Court set aside the default and ordered Mr. Alford to "respond or otherwise answer Plaintiff's complaint" within 30 days. (ECF No. 25.) Mr. Alford did not provide a Fed. R. Civ. P. 8 answer or another suitable response within the time parameters set by the Court and a second clerk's entry of default was subsequently entered.

On February 2, 2021 via U.S. mail, the Court received two more letters from Mr. Alford dated December 12 and December 14, 2020. (ECF No. 28, 29.) The Court's receipt of these letters, as with the receipt of Mr. Alford's prior correspondence, had been delayed

1

for reasons having to do with the Covid-19 pandemic and some confusion caused by the manner in which Mr. Alford addressed his letters directly to Lisa Bartlett personally (which is not proper form for a court pleading). Mr. Alford's belated letters explained he was proceeding *pro se* and informed the Court he was working toward a resolution with Plaintiff. Mr. Alford also explained he was unsure what it meant to "respond or otherwise answer Plaintiff's complaint" as ordered by the Court.

A court may set aside entry of default for good cause and may do so *sua sponte. See* Fed. R. Civ. P. 55(c); *Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*, 529 F.3d 371, 386 (7th Cir. 2008); *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1267 (11th Cir. 2003).  Having reviewed the record on this matter in its entirety, the Court finds good cause to set aside the second clerk's entry of default against Defendant James Alford.

Accordingly, it is hereby ORDERED that the second clerk's entry of default against Defendant James Alford (ECF No. 27) is SET ASIDE. IT IS FURTHER ORDERED that Defendant James Alford shall cease and desist sending letters to the Judge or her staff directly and shall properly file future motions or responses directly with the clerk's office. Finally, IT IS ORDERED that Plaintiff and Defendant James Alford shall attend facilitation with Magistrate Judge David R. Grand within sixty (60) days from the date of this order. Should facilitation not resolve the case,

IT IS ORDERED that Defendant James Alford shall file a response to Plaintiff's complaint that meets the requirements of Federal Rule of Civil Procedure 8, or another applicable rule, within thirty (30) days of facilitation.

    SO ORDERED.

                                  s/ Nancy G. Edmunds
                                  Nancy G. Edmunds
                                  United States District Court Judge

Dated: February 4, 2021

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 4, 2021, by electronic and/or ordinary mail.

                                  s/ Lisa Bartlett
                                  Case Manager